IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERRY GOUGH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-3349 |
| OFFICER SINES, W.C.I., | * | |
| DPSCS, and | * | |
| STATE OF MARYLAND, | * | |
| Defendants. | | |

\*\*\*

**<u>MEMORANDUM OPINION</u>**

Self-represented Plaintiff Gerry Gough brought this civil action pursuant to 42 U.S.C. § 1983 against Officer Sines, Western Correctional Institution (WCI), Department of Public Safety and Correctional Services (DPSCS) and State of Maryland. In his Complaint Gough asserts violations of his constitutional rights arising from Officer Sines' use of pepper spray on May 25, 2020, during which he claims he was subjected to "harassment, cruel and unusual punishment, personal abuse, and use of unnecessary force." ECF No. 1. As relief, he seeks monetary damages. *Id*.

On February 28, 2021, Defendants the State of Maryland, DPSCS, and WCI (the "State Defendants") filed a Motion to Dismiss. ECF No. 14. Gough has responded (ECF No. 21) and State Defendants have replied. ECF No. 23. Also pending are Gough's Motions to Grant Relief (ECF No. 15), to Appoint Counsel (ECF No. 20) to Present Evidence (ECF No. 22), and for Extension of Time (ECF No. 24). A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons explained below, the Court will GRANT Gough's Motion to Present Evidence, DENY Gough's Motions to Grant Relief, to Appoint Counsel, for Extension of Time,

GRANT State Defendants' Motion to Dismiss, and DIRECT Sines to SHOW CAUSE why a default judgment should not be entered against him.

## Background

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).  The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### A.   Gough's Allegations

Gough alleges that on May 25, 2020, he was in the waiting room of the medical department at WCI waiting to be treated when he was "subjected to harassment, cruel [and] unusual punishment, abuse, and use of unnecessary force by Officer Sines" when Sines sprayed mace in Gough's face and eyes.  ECF No. 1, pp. 2, 4.  After deploying the chemical agent, Sines made a false claim to his supervisor that Gough had spit on him.  *Id.*, p. 4.  Sgt. Gillman and an unidentified lieutenant placed Gough in solitary confinement on staff alert for three days, during which time he was denied a shower and could not wash the chemical agent off his body.  *Id*.  Additionally, Gough alleges that his meals were served without utensils forcing him to use his hands to eat.  *Id*.  Ultimately, Gough states he remained on disciplinary segregation for ten days without receiving a "ticket" for the incident.  *Id.*, pp. 4-5.

When Gough was removed from segregation he was placed into a cell that was not

handicapped accessible and was therefore unsuitable for him.[1]  ECF No. 1, p. 5.

Gough names the State of Maryland, DPSCS, and WCI as Defendants because Sines was employed by them.  ECF No. 1, p. 6.

## Non-Dispositive Issues

### A. Officer Sines

On December 29, 2020, the Litigation Coordinator at WCI accepted service of process on behalf of Officer Sines.  ECF No. 10, p. 2.  On March 1, 2021, Sines filed a Motion for Extension of Time to respond to the Complaint, stating that he requested representation from the Office of the Attorney General and was awaiting a determination from that office regarding whether they would represent him.  ECF No. 18, p. 1.  His request for an extension to respond to the Complaint was granted to and including May 3, 2021.  ECF No. 19.  Sines has filed nothing further in this case and no attorney has entered an appearance on his behalf.  As such, Sines is granted 21 days to show cause why a default judgment should not be entered against him.

### B. Non-Dispositive Motions

Gough's Motion to Grant Relief (ECF No. 15) is denied without prejudice.  Gough erroneously argues that Defendants did not respond to the Complaint, but, as noted, State Defendants filed a timely Motion to Dismiss and Sines sought and was granted an extension of time to file his response and has now been directed to show cause why a default judgment should not be entered against him.

Gough's Motion to Appoint Counsel (ECF No. 20) is also denied without prejudice.  A

---

[1] In the body of his Complaint, Gough states that Sgt. Gillman and Chief of Security Bradley O. Butler violated his rights by assigning him to disciplinary segregation due to the false claims of Officer Sines.  ECF No. 1, p. 6.  The Clerk shall amend the docket to reflect that Gillman and Butler are named as additional Defendants.

federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[2] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Upon careful consideration of the motions and previous filings by Gough, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated. Therefore, there are no exceptional circumstances that warrant the appointment of an attorney to represent Gough under § 1915(e)(1).

In his Motion to Present Evidence (ECF No. 22) Gough states that camera footage will show that: he did not spit on Officer Sines as alleged; while on staff alert he was not provided a shower to wash the chemical agent off his body and was only provided bag lunches; and when removed from disciplinary segregation he was placed in a cell that was not equipped for handicapped inmates. Counsel for State Defendants will be required to advise this Court whether the surveillance videos are available and, if so, arrange for Gough to review them.

Gough also seeks an extension of time to respond to the State Defendants' reply to his

---

[2] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

opposition response. ECF No. 24. No party is entitled to file a surreply unless otherwise ordered by the Court. *See* Local Rule 105.2(a) (D. Md. 2016). A surreply is most often permitted when the moving party must respond to matters raised for the first time in a reply. *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001). Gough has not described matters raised for the first time in the reply requiring his response and therefore shall not be permitted to file a surreply. His Motion for Extension of Time is denied.

## Dispositive Motion

### A. Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Because he is proceeding pro se, Gough's submissions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, this Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted.)

### B. Discussion

State Defendants seek dismissal under Federal Rules of Civil Procedure 12(b)(6). They argue that (1) they are not "persons" subject to suit under 42 U.S.C. §1983; (2) they are immune

from suit under the Eleventh Amendment to the U.S. Constitution; and (3) Gough's condition of confinement claim and any implied claim under the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*, should be dismissed.

Only "persons" are subject to suit under §1983, and entities such as buildings, *i.e.*, WCI, do not qualify. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Moreover, the State of Maryland and its agencies are immune from suits in federal court under the Eleventh Amendment to the United States Constitution. A state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*., citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Gough's claims against the State of Maryland, as well as against DPSCS and WCI, State agencies, are barred by the Eleventh Amendment and must be dismissed.

## Conclusion

Accordingly, the State Defendants' Motion to Dismiss IS GRANTED. Gough's Motions to Grant Relief, for Appointment of Counsel, and for Extension of Time ARE DENIED and his Motion to Present Evidence IS GRANTED as herein stated. Sines is directed to show cause why

a default judgment should not be entered against him.[3]

    A separate Order follows.


\_\_\_\_5/24/21_____        /s/_____
Date                                          RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE

---

[3] In light of the Court's ruling, Defendants' remaining arguments shall not be considered.