IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERRY GOUGH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-3349 |
| OFFICER SINES, W.C.I., DPSCS, and STATE OF MARYLAND, | * | |
| | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Gerry Gough brought this civil action pursuant to 42 U.S.C. § 1983 against Officer Sines, Western Correctional Institution (WCI), Department of Public Safety and Correctional Services (DPSCS) and State of Maryland. In his Complaint Gough asserts violations of his constitutional rights arising from Officer Sines' use of pepper spray on May 25, 2020, during which he claims he was subjected to "harassment, cruel and unusual punishment, personal abuse, and use of unnecessary force." ECF No. 1. As relief, he seeks monetary damages. *Id.*

On February 28, 2021, Defendants the State of Maryland, DPSCS, and WCI (the "State Defendants") filed a Motion to Dismiss. ECF No. 14. Gough responded (ECF No. 21) and State Defendants replied. ECF No. 23. On May 24, 2021, State Defendants' Motion to Dismiss was granted; the Court directed the Clerk amend the docket to reflect that Sgt. Gillman and Chief of Security Bradley O. Butler[1] be added as additional Defendants; and directed additional efforts be undertaken to serve Defendant Sines. ECF No. 26. On July 14, 2021 Sines Answered the

---

[1] The Clerk shall amend the docket to reflect the correct spelling of Gillman and Butler's names.

Complaint. ECF No. 32. On August 14, 2021, Defendants Gillman and Butler filed a Motion to Dismiss. ECF No. 35. Gough responded. ECF No. 38. He has also filed a Motion for Judgment as to Defendant Sines (ECF No. 37), which is DENIED as Sines has answered the Complaint. For the reasons explained below, the Court will GRANT Defendant Gillman and Butler's Motion to Dismiss, and ENTER a scheduling Order as to the progress of the case between Gough and Sines.

## Background

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### A. Gough's Allegations

As previously summarized by the Court:

> Gough alleges that on May 25, 2020, he was in the waiting room of the medical department at WCI waiting to be treated when he was "subjected to harassment, cruel [and] unusual punishment, abuse, and use of unnecessary force by Officer Sines" when Sines sprayed mace in Gough's face and eyes. ECF No. 1, pp. 2, 4. After deploying the chemical agent, Sines made a false claim to his supervisor that Gough had spit on him. *Id.*, p. 4. Sgt. Gillman and an unidentified lieutenant placed Gough in solitary confinement on staff alert for three days, during which time he was denied a shower and could not wash the chemical agent off his body. *Id.* Additionally, Gough alleges that his meals were served without utensils forcing him to use his hands to eat. *Id.* Ultimately, Gough states he remained on disciplinary segregation for ten days without receiving a "ticket" for the incident. *Id.*, pp. 4-5.
>
> When Gough was removed from segregation he was placed into a cell that was not handicapped accessible and was therefore unsuitable for him.[1] ECF No. 1, p. 5.

---

[1]In the body of his Complaint, Gough states that Sgt. Gillman and Chief of Security Bradley O. Butler violated his rights by assigning him to disciplinary segregation due to the false claims of Officer Sines. ECF No. 1, p. 6.

In his opposition response, Gough states that Defendants Gillman and Butler violated Division of Corrections "rules and regulations when they accepted Officer Tony Sines false reports on the Plaintiff. . . .and refuse[d] to hold office Tony Sines accountable for his actions." ECF No. 38 at 5.

### Non-Dispositive Issue

On December 29, 2020, the Litigation Coordinator at WCI accepted service of process on behalf of Officer Sines. ECF No. 10, p. 2. On March 1, 2021, Sines filed a Motion for Extension of Time to respond to the Complaint, stating that he requested representation from the Office of the Attorney General and was awaiting a determination from that office regarding whether they would represent him. ECF No. 18, p. 1. His request for an extension to respond to the Complaint was granted to and including May 3, 2021. ECF No. 19. Sines filed nothing further in this case and no attorney entered an appearance on his behalf. As such, in the Court's May 24, 2021 Memorandum Opinion and Order Sines was granted 21 days to show cause why default judgment should not be entered against him. ECF No. 25 and 26. On July 14, 2021, Sines, through counsel, filed an Answer to the Complaint. ECF No. 32. Gough filed a Motion for Judgment as to Sines erroneously stating that he Sines did not respond to the Complaint. ECF No. 37. That Motion is denied and a scheduling Order shall be entered governing the progress of the case as to Gough and Sines.

### Dispositive Motion

### A. Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Because he is proceeding pro se, Gough's submissions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, this Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted.)

### B. Discussion

Defendants seek dismissal under Federal Rules of Civil Procedure 12(b)(6). They argue that (1) Butler is not a "person" subject to suit under 42 U.S.C. §1983; (2) they are immune from suit under the Eleventh Amendment to the U.S. Constitution; (3) they are entitled to dismissal because Gough has not alleged personal participation in the claims alleged; (4) Gough's condition of confinement claim and any implied claim under the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*, should be dismissed; and (5) they are entitled to qualified immunity.

Though the Complaint is silent about whether Defendants Gillman and/or Butler are sued in their official capacity, individual capacity, or both, the Court presumes this action for damages—a remedy generally unavailable in suits against state officials in their official capacity—

4

is one brought against the Defendants in their individual capacity. *See Biggs v. Meadows*, 66 F.3d 56, 60–61 (4th Cir. 1995) (noting that when a plaintiff does not specifically allege capacity, the Court should examine the nature of the Plaintiff's claims and the relief sought to determine capacity).[2]

This action, which seeks to hold Defendants Gillman and Butler liable for the actions of Officer Sines, must be dismissed for failure to allege personal participation. In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

---

[2] To the extent that Gough's Complaint could be construed to seek relief against Defendants Gillman and Butler in their official capacity, the Eleventh Amendment bars his claim. Where, as here, a Plaintiff seeks retroactive monetary relief against a state official acting in his official capacity as an officer of a state which has not waived state sovereign immunity and where Congress has not otherwise validly abrogated state sovereign immunity, the federal courts lack jurisdiction to hear the claim. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984); *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

Here, Gough has not alleged any personal participation by Defendants Gillman or Butler in the attack on him. Rather he alleges that Gillman placed him in solitary confinement on staff alert for three days after Sines made a false report regarding the altercation between Gough and Sines. Gough claims that while held in this cell he did not receive a shower to wash the chemical agent form his body. Importantly, Gough does not claim that Gillman was responsible for providing him the shower or that he was even aware that Gough had not received a decontamination shower.

Gough's only other allegation as to Gillman is that both he and Butler assigned Gough to disciplinary segregation based on the false report of Sines. Again, Gough fails to allege that Butler or Gillman were aware that Sines made a false report. Clearly, the actions taken by Gillman and Butler as supervisory officers were in response to the altercation between Gough and Sines. Gough does not allege that either Gillman or Butler were aware that Sines' report was false. Additionally, Gough has not shown that Sines acted under the direction of either Defendant Gillman or Butler or that either Gillman or Butler were aware of Sines's alleged misconduct and failed to act. Lastly, Gough has not demonstrated any pattern of widespread abuse necessary to establish supervisory action or inaction giving rise to § 1983 liability. *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability . . . only in those situations in which there is a history of widespread abuse"). Accordingly, Gough's claims against Gillman and Butler are dismissed.[3]

## Conclusion

---

[3] To the extent Gough claims that Gillman or Butler failed to follow Division of Corrections procedures such an allegation without more fails to state a claim. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987); *Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Accordingly, Gough's pending motion IS DENIED. Defendant Gillman and Butler's Motion to Dismiss IS GRANTED.[4]

A separate Order follows.

January 24, 2022
Date

*/s/ Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[4] In light of the Court's ruling, an analysis of the Defendant Gillman and Butler's remaining arguments, including their defense of qualified immunity is not necessary.